[Cite as *In re T.L.*, 2025-Ohio-5592.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

In re: T.L.    :    Case No. 25CA24

:    <u>DECISION AND</u>
<u>JUDGMENT ENTRY</u>

:

:    **RELEASED 12/10/2025**

_____

<u>APPEARANCES</u>:

Richard D. Hixson, Zanesville, Ohio, for appellant.

Dustin Davidson, Attorney for Pickaway County Job and Family Services, Circleville, Ohio, for appellee.

_____

Hess, J.

{¶1}    Mother appeals the judgment of the Pickaway County Court of Common Pleas, Juvenile Division, granting permanent custody of T.L. to the Pickaway County Job and Family Services ("Agency"). Mother asserts that the trial court violated her due process rights by accepting her stipulation to permanent custody without properly determining that the stipulation was entered knowingly, voluntarily, and intelligently as required by Juv.R. 29(D). The Agency argues that, although compliance with Juv.R. 29(D) is required when accepting stipulations to permanent custody, here the transcript shows that the trial court complied with Juv.R. 29(D).

{¶2}    We find that under the totality of the circumstances Mother understood she was consenting to a trial court order that terminated her parental rights and granted permanent custody to the Agency and her stipulation was made with understanding of the nature of the allegations and the consequences of the admission. And, even if the trial court's failure to recite Juv.R. 29(D), subpart (2), made her admission invalid, Mother

failed to show prejudice because the trial court's judgment was based on the evidence presented at the hearing, not just Mother's stipulation, and Mother did not challenge the sufficiency of the evidence. We overrule her assignment of error and affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶3}    In February 2023, the Agency filed a complaint alleging that T.L. was an abused, neglected, and/or dependent child. The trial court held a hearing adjudicating T.L. dependent and granting the Agency temporary custody. In February 2025, the Agency filed a motion for permanent custody and the trial court held a dispositional hearing and awarded permanent custody to the Agency.

{¶4}    Prior to the hearing, Mother stipulated to the grant of permanent custody to the Agency. She filed a written stipulation with the trial court in which she stated she "wishes to consent to an order that terminates her rights and responsibilities with respect to the minor child, [T.L.]." She further stated that she had consulted with her attorney and was counseled concerning the outcome, and that she understood that granting permanent custody to the Agency will "permanently sever and terminate her parental rights" and she "will no longer be considered the child's legal Mother." Mother's written stipulation also stated that, "after consulting with counsel, [she] knowingly, willingly, and voluntarily consents to the . . . termination of her parental rights."

{¶5}    In addition, Mother appeared at the permanent custody hearing and testified under oath. The trial court explained that it wanted Mother to go through the stipulation "to make sure, on record, she understands everything." The terms of the stipulation were recited, and Mother affirmed her stipulation, adding that she understood that T.L. wanted

this. Mother denied that anyone had made promises to her, threatened her, coerced her, or rushed her into the stipulation. Following Mother's testimony, the trial court found that Mother knowingly, voluntarily, and intelligently, with the assistance of counsel, consented to the termination of her parental rights and to T.L. being placed in the permanent custody of the Agency.

{¶6} After Mother testified regarding her stipulation to the grant of permanent custody to the Agency, several witnesses testified on behalf of the Agency. Two caseworkers for the Agency testified about the history of T.L.'s dependency proceedings, T.L.'s behavior issues, the parents' drug addictions, Mother's serious health issues, the parental lack of housing and employment, and the failed efforts at reunification. The guardian ad litem testified about her involvement in the case and her involvement with T.L. The guardian ad litem testified that she spoke with T.L., who was in ninth grade at the time of the hearing, and he told the guardian ad litem that he believes permanent custody with the Agency is in his best interest. The guardian ad litem also testified that she believed it was in T.L.'s best interest to be placed in the Agency's permanent custody and she recommended that to the trial court.

{¶7} The trial court issued a judgment terminating parental rights and granting the Agency permanent custody. In its decision, the trial court stated that, based on the evidence submitted by the parties at the hearing, there was clear and convincing evidence that permanent custody with the Agency was in T.L.'s best interest.

## II. ASSIGNMENT OF ERROR

{¶8} Mother presents the following assignment of error:

1. The trial court violated appellant's due process rights by accepting her stipulation to permanent custody and waiver of rights without properly

determining that the stipulation and waiver was entered into knowingly, voluntarily, and intelligently.

## III.  LAW AND ANALYSIS

### A.  Parental Stipulation to Permanent Custody

**{¶9}**   Mother acknowledges that she signed a stipulated admission entitled "Consent Acknowledgment and Agreement to Permanent Custody" prior to the hearing, which acknowledges that she acted knowingly, willingly, and voluntarily. However, she contends that the "trial court must personally address Mother and adequately and reliably determine whether Mother had sufficient knowledge, understanding, and capacity to surrender custody voluntarily" as required by Juv.R. 29(D).

**{¶10}** When she filed her appellate brief, she stated that the transcript of the hearing inadvertently omitted the portion where she testified about her stipulation. As a result, she requested that the record be supplemented with that portion of the transcript. After the record was supplemented, the Agency filed its brief and argued that the Mother's testimony showed that her stipulation was voluntarily, knowingly, and intelligently made. However, Mother did not supplement her brief, nor did she file a reply brief to the Agency's brief, to cite to the portion of the supplemented transcript that she believes supports her assignment of error. *See* App.R. 16(A)(6) and (D).   "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based . . . as required under App.R. 16(A)." App.R. 12(A)(2). However, in the interest of justice we will consider her argument.

**{¶11}** Mother did not object to the trial court's colloquy at the hearing. Generally, we will not consider issues that an appellant failed to raise in the trial court. *In re E.A.G.,*

2024-Ohio-315, ¶ 81 (4th Dist.). However, if the error is clearly apparent on the face of the record and it is prejudicial to the appellant, the plain-error doctrine will permit correction of judicial proceedings. *In the Matter of G.R.S.,* 2019-Ohio-396, ¶ 6 (4th Dist.). "Because the termination of parental rights is 'the family law equivalent of the death penalty,' a trial court's failure to comply with Juv.R. 29(D) demands application of the plain-error doctrine." *Id*., quoting *In re Hayes*, 79 Ohio St.3d 46, 48 (1997).

{¶12} Juv.R. 29(D) outlines the procedure the trial court follows when accepting an admission:

> The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
>
> (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
>
> (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.

"[I]n parental-rights termination cases, 'it is of utmost importance that the parties fully understand their rights and that any waiver is made with full knowledge of those rights and consequences which may follow.' " *Matter of C.B.*, 2020-Ohio-5151, ¶ 12 (4th Dist.), quoting *Elmer v. Lucas Cty. Children Servs. Bd*., 36 Ohio App.3d 241, 245 (6th Dist.1987).

{¶13} The preferred practice is strict compliance with Juv.R. 29(D). However, if the trial court substantially complies with Juv.R. 29(D) in accepting an admission, the admission will be deemed voluntary absent a showing of prejudice or a showing that the totality of the circumstances does not support a finding of a valid waiver. Substantial compliance means that under the totality of the circumstances, the party subjectively

understood the implications of the admission. *In re C.S.,* 2007-Ohio-4919, ¶ 113 (in the context of a juvenile delinquency proceeding and guilty plea).

**{¶14}** Here the trial court accepted testimony from the Mother and subsequently engaged in a colloquy to determine whether Mother's admission was voluntary and made with an understanding of the nature of the allegations and the consequences of the admission. Though the trial court did not recite the rights under Juv.R. 29(D)(2), the totality of the circumstances show that Mother understood she was consenting to a trial court order that terminated her parental rights and granted permanent custody to the Agency. *In the Matter of N.D.*, 2002-Ohio-3791, ¶ 18, 25 (8th Dist.) (finding substantial compliance with Juv.R. 29(D) even though the trial court failed to advise of the "right to remain silent" and "to introduce evidence at the adjudicatory hearing").

**{¶15}** Even if we were to find that Mother's admission was invalid due to the trial court's omission of Juv.R. (D), subpart (2), we find Mother has failed to show any prejudice. The trial court did not solely rely on her admission when it terminated her parental rights and awarded the Agency permanent custody. It held an evidentiary hearing, heard the testimony of three witnesses, and stated in its judgment entry that it based its findings on the evidence presented at the hearing. Mother has not raised any error arguing that the evidence presented at the hearing fails to support the trial court's findings. *In the Matter of H.G., M.B, Z.W., and L.W.*, 2024-Ohio-2122, ¶19-23 (4th Dist.) (finding that even if there was no valid admission under Juv.R. 29(D), appellant failed to show prejudice when she failed to challenge the evidence presented at the hearing). Thus, she has failed to make a showing of prejudice as required by the plain-error

doctrine. Absence a showing of prejudice, Mother's admission is deemed voluntary. *In re C.S.* at ¶ 113.

**{¶16}** We overrule her sole assignment of error.

## IV. CONCLUSION

**{¶17}** We overrule her assignment of error and sustain the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion

For the Court

BY: _____
Michael D. Hess, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**